## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **ANDREE RENEE JACQUES, ET AL** | **CIVIL ACTION NO. 1:21-CV-00315** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BAKER HUGHES, A GE COMPANY, ET AL** | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

## <u>MEMORANDUM RULING</u>

Before the Court are a series of motions filed by the Defendants in this matter pursuant to Federal Rule of Civil Procedure 12, namely: (i) Defendants Dresser, LLC, Dresser RE, LLC, Baker Hughes, a GE Company, LLC (now known as Baker Hughes Holdings, LLC), Baker Hughes Energy Services, LLC, and GE Oil & Gas, LLC's (collectively, "Dresser") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, which seeks dismissal of Plaintiffs' claims for fraud, failure to remediate, continuing tort, trespass, strict liability pursuant to Civil Code Article 667, civil fruits, and unjust enrichment [Doc. 7]; (ii) Defendant GHD Services, Inc.'s ("GHD") Rule 12(e) Motion for More Definite Statement and Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, which seeks dismissal of the Petition's fraud allegations [Doc. 8]; (iii) Defendant Halliburton Energy Services, Inc.'s ("Halliburton") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, which adopts and incorporates by reference Dresser's Motion and Memorandum in Support [Doc. 16]; and (iv) Defendant Stantec Consulting Services, Inc.'s ("Stantec") Rule 12(e) Motion for a More Definite Statement and Rule 12(b)(6) Motion to Dismiss for Failure to State a

Claim, which seeks dismissal of the fraud allegations [Doc. 22] (collectively, the "Rule 12 Motions"). Given the interrelatedness of the issues therein, as well as the cross-reference of arguments made by similarly situated defendants, the Court addresses the Rule 12 Motions collectively.

For the following reasons, the Court rules as follows:

(i)     The Court GRANTS Defendants' Motions to Dismiss Plaintiffs' allegations of fraud.

(ii)    The Court GRANTS Dresser's and Halliburton's Motions to Dismiss Plaintiffs' claims for failure to remediate, continuing tort, trespass, strict liability under Civil Code Article 667, civil fruits, and unjust enrichment.

(iii)   The Court GRANTS Stantec's and GHD's Motions for a More Definite Statement.

(iv)    Plaintiffs will be afforded the opportunity to amend their Petition to provide a more definite statement as to Stantec and GHD and, to the extent feasible, to re-state their fraud allegations in a manner compliant with Federal Rule of Civil Procedure 9(b).

## BACKGROUND

This action was filed in state court on January 7, 2021, and removed to this Court on February 5, 2021, based on diversity jurisdiction. [Doc. 1]. The litigation arises from alleged property damage sustained by four landowners in Rapides Parish due to operations at an industrial valve manufacturing facility located in Pineville, Louisiana (the "Dresser Facility"). [Doc. 1-1]. Plaintiffs contend that, for the

approximately 50 years during which the Dresser Facility was operational, solvents, cutting oils, acids, and caustics were disposed of improperly, causing groundwater and soil contamination of their properties. [*Id.* ¶ 33].

In 2012, employees at the Dresser Facility notified the Louisiana Department of Environmental Quality ("DEQ") of potential contamination in the groundwater beneath the Dresser Facility. [Doc. 7-1]. Since this disclosure, Dresser maintains that it has cooperated with the DEQ's instructions concerning investigation and remediation activities. [*Id.*]. The Petition alleges that the groundwater contamination emanating from the Dresser Facility has migrated to the groundwater underlying their respective properties. Plaintiffs acquired knowledge of the alleged contamination through a memorandum released by the DEQ on January 8, 2020, to property owners and residents in affected areas. [Doc. 1-1 ¶ 36].

Plaintiffs assert numerous theories of recovery against the following nine Defendants as a group: (1) Baker Hughes, a GE Company, LLC (now known as Baker Hughes Holdings, LLC); (2) Baker Hughes Energy Services, LLC; (3) Dresser, LLC; (4) Dresser RE, LLC; (5) GE Oil & Gas, LLC (also known as Baker Hughes Energy Services, LLC); (6) Halliburton; (7) GHD; (8) Stantec; and (9) the DEQ. [*Id.* ¶ 3]. The first six enumerated Defendants have allegedly owned or operated the Dresser Facility since 1998. [*Id.*]. GHD was retained as an environmental consultant in early 2020. [Doc. 8-1]. Stantec allegedly installed a monitoring well (MW-39) in 2020. [Doc. 1-1 ¶ 37]. The DEQ has served in a supervisory capacity with respect to the diagnosis and remediation of the alleged contamination.

In their Rule 12(b)(6) Motions, Defendants move for dismissal of Plaintiffs' fraud claims, arguing that the Petition fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b). [Docs. 7, 8, 16, 22]. Dresser and Halliburton also seek dismissal of the following claims: failure to contain or remediate alleged contamination, continuing tort, trespass, strict liability under Louisiana Civil Code Article 667, civil fruits and storage damages, and unjust enrichment. [Docs. 7, 17]. Along with their Rule 12(b)(6) Motions, Stantec and GHD filed Rule 12(e) Motions for a More Definite Statement based on the Petition's generalized allegations. [Docs. 8, 22]. Stantec and GHD contend that they cannot reasonably prepare responsive pleadings and thus seek an order mandating Plaintiffs to amend their Petition to state the grounds giving rise to the claims against them. [*Id.*].

On March 23, 2021, Plaintiffs filed a Memorandum in Opposition, which argues that the Court should collectively dismiss the Rule 12 Motions. [Doc. 34]. Stantec and Dresser have filed reply briefs. [Docs. 37, 38]. These motions are now ripe for ruling.

### DISCUSSION

I.   <u>**Stantec's and GHD's Rule 12(e) Motions for a More Definite Statement**</u>

  a)   **Legal Standard**

A party may move for a more definite statement of "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The court must assess the pleading under Rule 8 of the Federal Rules of Civil Procedure's notice pleading standard, which requires, in relevant part, "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with this standard, a complaint need not plead specific facts but must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

Rule 12(e) motions are disfavored, as "in view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Further, a party may not use a Rule 12(e) motion to assist in gathering facts in preparation for trial. *Id.* The trial court is granted considerable discretion in ruling on a Rule 12(e) motion. *See Ditcharo v. United Parcel Serv., Inc.*, 376 Fed. Appx. 432, 440 (5th Cir. 2010) ("We review orders made pursuant to Rule 12(e) for abuse of discretion."); *Thurman v. Louisiana Dep't of Health & Hosps.*, 2:12-CV-2426, 2013 WL 3146923, at *4 (W.D. La. June 14, 2013); *Murungi v. Texas Guaranteed*, 646 F.Supp.2d 804, 811 (E.D. La. 2009).

### b)   Law and Analysis

Stantec and GHD argue that Plaintiffs must provide a more definite statement because the Petition improperly groups them together with the other Defendants. Specifically, they contend that the Petition is devoid of factual allegations regarding the grounds giving rise to the claims against them.

Indeed, the factual allegations specifically pertaining to Stantec and GHD are nearly non-existent. Besides identifying their corporate status and agents for service

of process, the Petition states only one factual allegation involving Stantec – that it negligently installed a monitoring well in January of 2020, causing contaminated groundwater to flow north of the Dresser Facility and into Grant Parish. [Doc. 1-1 ¶ 37]. The Petition makes no factual aversions involving GHD at all. Nonetheless, the Petition seeks to hold Stantec and GHD liable for all alleged misconduct undertaken by each of the other Defendants.

The Court finds the Petition deficient under Rule 8 with regard to both movants because, quite simply, the Petition asserts claims against Stantec and GHD but fails to adequately state the grounds upon which those claims rest. For instance, Plaintiffs allege that Stantec and GHD are liable for damages resulting from fraudulent concealment of pollution and negligent disposal of toxic waste over the past approximately 50 years as well as improper design and construction of the Dresser Facility. [*Id.* ¶ 33]. However, the Petition's bare allegations against Stantec and GHD fail to provide a plausible link with this alleged misconduct. Additionally, the Petition seeks to hold Stantec liable for damages sustained by Rapides Parish landowners – though it only alleges that Stantec caused injury in Grant Parish.

Accordingly, the Court grants Stantec's and GHD's Rule 12(e) Motions and orders Plaintiffs to amend their Petition in a manner that sufficiently places Stantec and GHD on notice of the grounds upon which Plaintiffs' claims are premised.

## II.   Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim

### a)   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their

face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations;" mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In sum, if the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

b)     **Law and Analysis**

  *i. Defendants' Motions for Dismissal of Plaintiffs' Fraud Claim*

The Petition alleges that Defendants committed "fraud, ill practices, and misrepresentation" by, generally, concealing knowledge of the alleged contamination. [*Id.* ¶ 46]. Defendants contend that the Petition fails to allege this fraudulent concealment claim with the particularity required by Federal Rule of Civil Procedure Rule 9(b), warranting dismissal under Rule 12(b)(6).

Allegations of fraudulent concealment are subject to Rule 9(b)'s heightened pleading requirements. *Alford v. Chevron U.S.A. Inc.*, 13 F.Supp.3d 581, 594 (E.D. La. 2014). Under Rule 9(b), a party must "state with particularity the circumstances constituting fraud." This Rule requires, at a minimum, a pleading of the "who, what, where, when, and how of the alleged fraud." *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Although malice, intent, or knowledge "may be averred generally," the allegations "must set forth specific facts that support an inference of fraud." *Id.* (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994)). This requirement can be satisfied by either: (i) a showing of the defendant's motive to commit fraud or (ii) an identification of circumstances indicating the defendant's conscious behavior, "though the strength of the circumstantial allegations must be correspondingly greater." *Id.*

In asserting a claim for fraud, "[g]roup pleading is not permissible; instead, the plaintiff must plead specific facts describing the fraud allegedly committed by each

defendant." *Alford*, 13 F.Supp.3d at 594; *see also Watson v. Arkoma Dev.*, LLC, CV 17-1331, 2018 WL 6274070, at *10 (W.D. La. Nov. 15, 2018) (dismissing claim for fraudulent concealment because the "[p]laintiffs have merely engaged in 'group pleading,' which is insufficient under Rule 9(b)").

As the parties to this matter are undoubtedly aware, federal courts in Louisiana have routinely dismissed fraud claims averring analogous allegations to those presented here. *See, e.g., Prairie Land Co. v. ConocoPhillips Co.*, 2:20-CV-00748, 2020 WL 5647300 (W.D. La. Sept. 22, 2020); *Watson*, 2018 WL 6274070; *Guthrie v. Plains Res. Inc.*, 2:12 CV-1904-PM-KK, 2013 WL 2471670, (W.D. La. June 7, 2013); *Constance v. Austral Oil Expl. Co., Inc.*, 2:12-CV-1252, 2013 WL 6578178 (W.D. La. Dec. 13, 2013); *Martin v. Tesoro Corp.*, 2:11 CV 1413, 2012 WL 1866841 (W.D. La. May 21, 2012); *Alford*, 13 F.Supp.3d 581. In each of these cases, the plaintiffs sued companies alleged to have caused environmental contamination. Among other causes of action, the plaintiffs alleged that the defendants fraudulently concealed their knowledge of the contamination. In addressing these claims, federal courts in this District and throughout Louisiana have consistently found fraud claims that are generic, conclusory, and fail to distinguish among the defendants to be not in compliance with Rule 9(b)'s strict pleading requirements.

Similar to these other cases, the Petition in this matter wholly fails to include: (i) allegations distinguishing among each Defendant and their respective responsibility for the fraudulent activities, (ii) information on how, when, or where Defendants actively concealed the contamination, (iii) the source of Defendants' duty

to inform, and (iv) an explanation concerning why Defendants' failure to inform was misleading. Thus, the Petition's fraud allegations are deficient under Rule 9(b).

Accordingly, the Court dismisses Plaintiffs' fraud-based claims without prejudice to repleading them within 14 days in a manner consistent with this ruling and applicable law. *See Guthrie v. Plains Res. Inc.*, 2:12 CV-1904-PM-KK, 2013 WL 2471670, at *9 (W.D. La. June 7, 2013) ("a plaintiff's failure to meet the specific pleading requirements [of Rule 9(b)] should not automatically or inflexibly [sic] result in dismissal of the complaint with prejudice to refiling.") (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000)).

### ii. *Dresser's and Halliburton's Motions for Dismissal of Plaintiffs' Claims for Failure to Remediate and Continuing Tort*

Plaintiffs allege throughout their Petition that Defendants failed to prevent, contain, and remediate the alleged contamination. [*Id.* ¶¶ 44, 47, 48, 49, 52]. Further, Plaintiffs submit that "[t]he continuous and ongoing migration of these substances is causing new and ever increasing damage to petitioners' respective properties, and such damage will continue until … the substances[] are removed and remediated." [*Id.* ¶ 49]. Based on these allegations, Dresser and Halliburton seek dismissal of claims for both the failure to remediate and continuing tort.

In contamination cases, a defendant's failure to contain or remediate is not an act of negligence separate and apart from such defendant's failure to prevent the conduct causing the alleged contamination in the first instance. *See Marin v. Exxon Mobil Corp.*, 2009-2368, p. 28 (La. 10/19/10); 48 So.3d 234, 254; *Hogg v. Chevron USA, Inc.*, 2009-2632, pp. 22–23 (La. 7/6/10); 45 So.3d 991, 1007. Stated differently, the

initial leakage – not the failure to contain or remediate – is the operating cause of the plaintiff's injury. *Id.* Therefore, assuming Plaintiffs have stated a negligence claim with regard to the alleged initial disposal of hazardous substances, they do not maintain a separate negligence claim for failure to contain or remediate.[1]

To the extent the Petition states a claim for continuing tort, Defendants argue that any liability should be limited to conduct causing the initial release of hazardous substances, which ceased no later than 2016 when operations at the Dresser Facility halted. Pursuant to Louisiana jurisprudence, continuing tort is a limited doctrine that functions to suspend the commencement of prescription when the operating cause of an injury is continuous. *See Young v. United States*, 724 F.3d 444, 447 (5th Cir. 2013); *Watson v. Arkoma Dev.*, LLC, CV 17-1331, 2018 WL 6274070, at *3 (W.D. La. Nov. 15, 2018), *report and recommendation adopted*, 3:17-CV-1331, 2018 WL 6274008 (W.D. La. Nov. 30, 2018). The Petition clearly establishes that Dresser ceased its operations in 2016 and, since this time, alleges no further activity taken by Defendants that would constitute a continuing tort. Accordingly, the Court dismisses Plaintiffs' continuing tort claim against Dresser and Halliburton insofar as it purports to state an independent cause of action.

iii.    *Dresser's and Halliburton's Motions for Dismissal of Plaintiffs' Trespass Claim*

Next, Dresser and Halliburton seek dismissal of Plaintiffs' trespass claim. The Petition alleges that the continued presence of hazardous substances in the

---

[1]      Dresser and Halliburton do not contest the plausibility of Plaintiffs' negligence claim as stated in the Petition.

groundwater underlying Plaintiffs' respective properties constitutes a trespass. [*Id.* ¶ 49]. Defendants contend that any purported trespass was not an intentional, affirmative act and that, therefore, this claim fails because Louisiana courts do not recognize a claim for trespass caused by a negligent, passive act.

Under Louisiana law, a trespass is an unlawful physical invasion onto the property of another. *Vintage Assets, Inc. v. Tennessee Gas Pipeline Co., L.L.C.*, CV 16-713, 2017 WL 3601215, at *3 (E.D. La. Aug. 22, 2017) (citing *Richard v. Richard*, 24 So. 3d 292, 296 (La. App. 3d Cir. 2009)). The Louisiana Supreme Court has not explicitly addressed whether an intentional, affirmative act is required to prove trespass.[2] Nevertheless, several courts in this circuit have held that Louisiana law requires an intentional act, based on the Louisiana Supreme Court's opinion in *Hogg v. Chevron USA Inc. See Petry v. R360 Envtl. Sols. of Louisiana LLC*, 2:20-CV-00820, 2020 WL 6494901, at *2 (W.D. La. Nov. 4, 2020); *Vintage Assets*, 2017 WL 3601215, at *4.

In *Hogg*, the action stemmed from the migration of toxic substances from leaking underground storage tanks at a service station into the groundwater and soil underlying the plaintiffs' properties. 2009-2632, p. 2 (La. 7/6/10); 45 So.3d 991, 995. After receiving notice of the contamination from the DEQ, the plaintiffs filed suit

---

[2]    "Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). In applying Louisiana substantive law, federal courts look to the final decisions of the Louisiana Supreme Court. *In re: Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007).

alleging, among other claims, continuing trespass. *Id.* at 996. Prior to discussing the merits of the continuing trespass claim, the Court stated:

> We note, without deciding the issue, that it is questionable whether the tort of trespass even applies in this situation because civil trespass is generally considered to be an intentional tort, requiring proof that the defendant took some intentional action that resulted in harm to the plaintiff. (citations omitted). It has been suggested that the action more properly lies in nuisance. 1 Dan B. Dobbs, The Law of Torts § 53, at 107 (2001) ("Nuisance or negligence rather than trespass is definitely the approach courts take when liquids percolate underground to enter the plaintiff's land beneath the surface."). Because plaintiffs' petition asserts claims arising both in trespass and nuisance, and because the analysis is the same insofar as the issues presented in this case are concerned, it is not necessary to resolve this thorny issue.

*Id.* at 1002.

Given the Louisiana Supreme Court's aside in *Hogg*, which dealt with facts analogous to those at hand, the Court understands Louisiana law to require an intentional act to prove the tort of trespass. Critical to the Court's analysis here, the Petition makes no allegation that Defendants engaged in intentional misconduct or otherwise took an affirmative step to cause the alleged contamination of Plaintiffs' properties. Accordingly, Dresser's and Halliburton's Motions are granted as to the trespass claim.

> iv.    *Dresser's and Halliburton's Motions for Dismissal of Plaintiffs' Strict Liability Claim under Civil Code Article 667*

The Petition also asserts strict liability claims against Defendants under Civil Code Article 667.[3] The pre-1996 version of Article 667 imposed liability on

---

[3]    Article 667 was amended in 1996 to impose strict liability only for damages resulting from pile driving and blasting with explosives. Because neither of those two circumstances are implicated in this litigation, the Court assesses the viability of Plaintiffs' strict liability claim under the pre-amendment version of Article 667.

landowners or proprietors for damage caused to their neighbors by engaging in ultrahazardous activities. *Morgan Plantation, Inc. v. Tennessee Gas Pipeline Co.*, LLC, No. 16-CV-1620, 2017 WL 4864489, at *5 (W.D. La. Sept. 21, 2017) (citations omitted).   Louisiana courts employed a three-prong test to determine whether an activity was ultrahazardous. Under this test, in order to qualify as an ultrahazardous activity, the Courts required that the conduct: (i) must relate to an immovable, (ii) must itself cause the injury, and the defendant must be engaged directly in the injury-producing activity, and (iii) must not require substandard conduct to cause injury. *Id.* (citing *Bartlett v. Browning-Ferris Indus., Chem. Svcs., Inc.*, 683 So.2d 1319, 1321 (La. Ct. App. 3d Cir. 1996)).

Defendants claim that Plaintiffs failed to establish that their alleged injuries were caused by an ultrahazardous activity because the third prong of the test is not met. The Court agrees. The Petition states that "Defendants' conduct constitutes negligence which gives rise to liability under the provisions of La. C.C. art. 2315" and, significantly, pleads sufficient facts that give rise to a negligence claim. [*Id.* ¶ 49]. Because Plaintiffs alleged that their injuries were caused by the substandard care of Defendants – and, importantly, <u>not</u> that the activities *did not require substandard care* to cause their injuries – the third prong fails. *See Morgan Plantation*, 2017 WL 4864489, at *5 (finding the plaintiffs' former Article 667 strict liability claim did not satisfy the third prong "because the petition alleged that the damages were caused by the substandard care of the defendants, rather than that the activities did not require substandard care to cause injury"); *Pierce v. Exxon Mobil Oil Corp.*, 2013 WL 1856079, *7 (E.D. La. Apr. 30, 2013) (holding that the third prong was not met

because the petition failed to "allege that the activity is ultra-hazardous in and of itself, but rather that the substandard care of Defendants caused this damage."). Accordingly, Plaintiffs' own allegations defeat their Article 667 claim, and the Motions are granted as to this claim.

> v.    *Dresser's and Halliburton's Motions for Dismissal of Plaintiffs' Claim for Civil Fruits and Storage Damages*

In addition, Dresser and Halliburton move for dismissal of Plaintiffs' claim for civil fruits and storage damages based on the Petition's allegation that Defendants have "derived substantial economic benefits" from their storage of hazardous substances in the groundwater underlying Plaintiffs' properties on account of their avoidance of "substantial costs and expenses associated with the proper disposal of this toxic pollution and waste." [*Id.* ¶ 53].

Civil Code Article 551 defines civil fruits as "revenues derived from another thing, such as rentals, interest, and certain corporate distributions." The Louisiana Court of Appeal for the Second Circuit has held that economic benefits derived from storage of hazardous waste on a plaintiff's property without permission are not "civil fruits" under Article 551 because nothing is "produced by or derived from the property as a result of the storage/disposal of the waste," and there are "no revenues, such as rentals, interest or a corporate distribution, derived from the property by virtue of the storage/disposal of the waste." *Wagoner v. Chevron USA Inc.*, 55 So.3d 12, 27 (La. App. 2d Cir. 8/18/10); *see also Alford v. Anadarko E & P Onshore LLC*, CIV. 13-5457, 2014 WL 1612454, at *18 (E.D. La. Apr. 22, 2014) (dismissing claim for civil fruits because avoidance of costs for proper disposal of waste is not the same as earning

revenues). Hence, in accordance with Louisiana jurisprudence, Defendants' purported economic benefit derived from an avoidance of substantial costs associated with proper disposal of waste does not constitute a civil fruit. The Court grants the Motions as to Plaintiffs' claims for civil fruits.

> vi.   *Dresser's and Halliburton's Motions for Dismissal of Plaintiffs' Unjust Enrichment Claim*

Finally, Dresser and Halliburton seek dismissal of Plaintiffs' unjust enrichment claim, which is premised on Defendants' alleged "unauthorized use of petitioners' respective lands to store and dispose of toxic and hazardous contamination." [*Id.* ¶ 54]. Louisiana Civil Code Article 2298 provides that a claim for unjust enrichment is not available when the law provides another remedy for a plaintiff's alleged impoverishment. Given the subsidiary nature of an unjust enrichment theory, the Louisiana Supreme Court has held that a plaintiff is precluded from seeking relief based on unjust enrichment when he has pled a viable delictual claim. *Walters v. MedSouth Record Mgmt., LLC*, 2010-0351, p. 2 (La. 6/4/10); 38 So.3d 245, 246 (reversing the district court's denial of the defendant's exception of no cause of action where the plaintiff pled both negligence and unjust enrichment in his petition). Here, because Plaintiffs have pled a plausible negligence claim, the Court dismisses their claim for unjust enrichment.

### CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Rule 12(b)(6) Motions to Dismiss. [Docs. 7, 8, 16, 22]. Further, the Court GRANTS GHD's and Stantec's Rule 12(e) Motions for a More Definite Statement. [Docs. 8, 22].

IT IS HEREBY ORDERED that the Court dismisses WITH PREJUDICE the following claims against Dresser and Halliburton:

- Failure to remediate and continuing tort,

- Strict liability under Article 667,

- Trespass, and

- Civil fruits.

IT IS FURTHER ORDERED that the Court dismisses WITHOUT PREJUDICE the Plaintiffs' unjust enrichment claims against Dresser and Halliburton and their fraud claims against the moving Defendants.

IT IS FURTHER ORDERED that Plaintiffs shall amend their Petition within 14 days <u>only to the extent necessary</u> to provide a more definite statement as to Stantec and GHD. Further, to the extent they are able, Plaintiffs will be permitted within the 14-day period to re-state their fraud claims in a manner consistent with Federal Rule of Civil Procedure 9(b).

THUS, DONE AND SIGNED in Chambers on this 6th day of April 2021.

_____

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE