c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREE RENEE JACQUES, *ET AL.*, <br> Plaintiffs | CIVIL ACTION NO. 1:21-CV-00315 |
| VERSUS | JUDGE JOSEPH |
| BAKER HUGHES, A GE COMPANY, *ET AL.*, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are the following unopposed motions: (1) Motions to Dismiss under Rules 12(b)(6) and Rule 12(e) (ECF No. 65) filed by Defendant Stantec Consulting Services ("Stantec"); and (2) a Rule 12(b)(6) Motion to Dismiss (ECF Bo. 75) filed by Defendant GHD Services, Inc. ("GHD"). Stantec and GHD seek dismissal of all claims against them for failure to state a claim for relief. Plaintiffs Andree Renee Jacques ("Jacques") and Michael Cooper Thornhill ("Thornhill") (collectively, "Plaintiffs") did not oppose.[1]

Because Plaintiffs fail to state claims for relief against Stantec and GHD, and without opposition, Stantec's Rule 12(b)(6) Motion to Dismiss (ECF No. 65) and GHD's Rule 12(b)(6) Motion to Dismiss (ECF No. 75) should be GRANTED.

---

[1] Jacques and Thornhill are the only remaining Plaintiffs. *See* ECF No. 72. Both own the remaining property at issue in this action, located at 1525 East Medalist Road, Pineville, Louisiana. ECF No. 1-1 at 2. At a video status conference with the undersigned on August 3, 2022, withdrawing counsel for Plaintiffs conceded they agreed that Stantec and GHD should be dismissed. ECF Nos. 87, 90 at 8. Plaintiffs represented that they had begun the process of circulating a voluntary dismissal. *Id.* No such filings have been made.

I.   <u>Background</u>

Plaintiffs filed suit in state court on January 7, 2021. Defendants removed on February 5, 2021 based on diversity jurisdiction. ECF No. 1. The litigation arises from alleged property damage sustained by four landowners in Rapides parish due to operations at an industrial valve manufacturing facility located in Pineville, Louisiana (the "Dresser Facility"). ECF No. 1-1. Plaintiffs contend that, for the approximately 50 years during which the Dresser Facility was operational, solvents, cutting oils, acids, and caustics were disposed of improperly, causing groundwater and soil contamination of their properties. *Id.* at 10.

In 2012, the Louisiana Department of Environmental Quality ("LDEQ") was notified of the potential contamination in the groundwater beneath the Dresser Facility. *Id.* at 8. The Petition alleged that the groundwater contamination emanating from the Dresser Facility has migrated to the groundwater underlying their respective properties. Plaintiffs acquired knowledge of the alleged contamination through a memorandum released by the LDEQ on January 8, 2020, to property owners and residents in affected areas. *Id.* at 10-11.

Plaintiffs allege various theories of recovery against Stantec and GHD, among other named "Manufacturing Defendants."[2]

In February and March of 2021, several Defendants filed Rule 12 Motions. ECF Nos. 7, 8, 16, 22. On April 6, 2021, the Court issued a Memorandum Ruling (ECF No. 39) granting the motions. The Court dismissed Plaintiffs' fraud claims,

---

[2] Baker Hughes, a GE Company, L.L.C.; Baker Hughes Energy Services, L.L.C.; Dresser, L.L.C.; Dresser RE, L.L.C.; GE Oil & Gas, L.L.C.; and Halliburton Energy Services, Inc..

granted Stantec's and GHD's Motions for a More Definite Statement, and granted Plaintiffs leave to amend their Petition to provide a more definite statement as to Stantec and GHD. ECF No. 39.

On April 21, 2021, Plaintiffs filed their First Supplemental and Amending Complaint ("Amended Complaint"). ECF No. 47. Now, both Stantec and GHD seek to dismiss the Amended Complaint for failure to state a cause of action under Rule 12(b)(6). ECF Nos. 65, 75. Alternatively, Stantec seeks a more definite statement under Rule 12(e). ECF No. 65-1 at 7.

## II. Law and Analysis

### A. Plaintiffs' allegations must raise a plausible right to relief against Stantec and GHD.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[3] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right

---

[3] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

3

to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted)).

### B. Plaintiffs fail to state claims against Stantec and GHD.

In its Memorandum Ruling (ECF No. 39), the Court held that the original allegations against Stantec and GHD were nearly non-existent. ECF No. 39-1 at 5. The Plaintiffs identified their corporate status and agents for service of process, but otherwise only stated one factual allegation involving Stantec. *Id.* at 5-6. The sole factual allegation against Stantec was that it negligently installed a monitoring well in January of 2020, causing contaminated groundwater to flow north of the Dresser Facility and into Grant Parish. *Id.* at 6. Plaintiffs made no allegations against GHD. *Id.* The Court determined that the original Petition was deficient and ordered Plaintiffs to amend their Petition to sufficiently place Stantec and GHD on notice of their claims. *Id.*

Plaintiffs' Amended Complaint (ECF No. 47) distinguishes the Manufacturing Defendants from Stantec and GHD. ECF No. 47 at 2. Plaintiffs allege Stantec and GHD are environmental consulting and engineering firms contractually retained by some, if not all, of the Manufacturing Defendants to manage, oversee, direct, and/or

4

provide technical guidance and expertise as part of the ongoing site investigation and/or remediation at the Dresser Facility. *Id.* at 14-18.

Plaintiffs add that Stantec and GHD were charged by Manufacturing Defendants with investigating the scope and extent of the contaminant plume at issue, both on and off site at the Dresser Facility, and to file, on their behalf, all reports regarding such investigations with LDEQ. *Id.* Plaintiffs allege Stantec and GHD were also charged with making recommendations to Manufacturing Defendants and LDEQ as to the scope, extent, and purpose of any proposed mitigation and/or remediation to prevent further migration of contaminants in the soil or groundwater. *Id.* Stantec was charged with the design and installation of numerous ground water monitoring wells in the vicinity of the Dresser Facility. *Id.* at 18. Plaintiffs assert Stantec and GHD each had a duty to the public to perform these tasks fully, properly, and timely. *Id.* There are no additional allegations.

Plaintiffs' Amended Complaint (ECF No. 47) fails to adequately assert a cause of action against Stantec or GHD. The Amended Complaint (ECF No. 47) still includes only bare allegations against Stantec and GHD.

A complaint must go beyond labels, factual conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. Moreover, Plaintiffs' Amended Complaint (ECF No. 47) does not. And Plaintiffs do not oppose the dismissal of Stantec and GHD. ECF Nos. 87, 90 at 8. Therefore, Stantec and GHD should be dismissed.

III. <u>Conclusion</u>

Because Plaintiffs fail to state claims for relief against Stantec and GHD, and without opposition, IT IS RECOMMENDED that Stantec's Rule 12(b)(6) Motion to Dismiss (ECF No. 65) and GHD's Rule 12(b)(6) Motion to Dismiss (ECF No. 75) be GRANTED, and that Plaintiffs' claims against Stantec and GHD be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 14th day of September 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE